United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-20069
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

RENE GARCIA DEL FIERRO,
also known as Rene Garcia,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-61-ALL
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rene Garcia del Fierro appeals his guilty-plea conviction and 55-month sentence for illegal

reentry after deportation, a violation of 8 U.S.C. § 1326. Garcia's constitutional challenge to 8

U.S.C. § 1326 is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

Although Garcia contends that *Almendarez-Torres* was incorrectly decided and that a majority of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Garcia properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

Garcia contends that his sentence must be vacated because he was sentenced pursuant to the mandatory sentencing guidelines regime that was held unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005). We review Garcia's preserved challenge to his sentence for harmless error under FED. R. CRIM. P. 52(a). *United States v. Walters*, 418 F.3d 461, 463 (5th Cir. 2005). The district court, in denying Garcia's FED. R. CRIM. P. 35(a) motion, stated that "the Court has no reason to believe in retrospect that it would have found the advisory guideline range unreasonable or that it would have imposed a more lenient sentence upon Garcia" had the court considered the Guidelines to be advisory only. Based on the district court's statements, we conclude that the error in the imposition of Garcia's sentence was harmless beyond a reasonable doubt. *See Walters*, 418 F.3d at 464.

Garcia further argues that the sentencing error is structural and presumptively prejudicial. As Garcia concedes, we have previously rejected this argument. *Walters*, 418 F.3d at 463; *United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir.), *cert. denied*, 126 S. Ct. 464 (2005).

AFFIRMED.